UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARISMA A. o/b/o M.A.A.,

                                                                                                                                                                   <u>DECISION AND ORDER</u>

                          Plaintiff,

                                                                                                                                                                    20-CV-0511L

                    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                          Defendant.
_____

Plaintiff, on behalf of her minor son, M.A.A. ("claimant"), appeals from a denial of supplemental security income benefits by the Commissioner of Social Security ("the Commissioner"),[1] based on the Commissioner's finding that M.A.A. was not disabled.

Plaintiff protectively filed an application for Supplemental Security Income on July 11, 2016, on M.A.A.'s behalf, alleging disability as of January 19, 2012. That claim was initially denied on November 15, 2016. Plaintiff initially requested a hearing, which was held on December 10, 2018 via videoconference before Administrative Law Judge ("ALJ") Rosanne M. Dummer. On February 22, 2019, the ALJ issued a decision concluding that M.A.A. was not disabled. (Dkt. #10 at 12-27). That decision became the final decision of the Commissioner when the Appeals Council denied review on March 2, 2020. (Dkt. #10 at 1-3). Plaintiff now appeals.

Plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #14), and the Commissioner has cross moved (Dkt. #16) for judgment on the pleadings, pursuant to Fed.

---

[1] On or about July 9, 2021, Kilolo Kijakazi became the acting Commissioner of the Social Security Administration and is substituted for Andrew Saul as defendant in this action. *See* Fed. R. Civ. Proc. 25(d)(1).

R. Civ. Proc. 12(c). For the reasons that follow, I find that the Commissioner's decision is supported by substantial evidence, and was not the product of legal error.

## DISCUSSION

### I.  Relevant Standards

Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether he is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924) – that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment – the child is disabled. If not, he is not disabled. In making this assessment, the ALJ must measure the child's limitations in six areas: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that M.A.A. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

## II. The ALJ's Decision

The ALJ initially found that since the July 11, 2016 application date, M.A.A. (who was four years old when the application was filed, and seven years old at the time of the ALJ's decision) has had the following severe impairments: status post lead poisoning (plumbism), communication disorder, and global development delays. (Dkt. #10 at 15).

The ALJ proceeded to analyze whether M.A.A. has any "marked" or "extreme" limitations in any of the six domains of functioning. Based on the medical, educational, and testimonial evidence presented, the ALJ concluded that since the alleged date of onset, M.A.A. has had a less than marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, a less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, a less than marked limitation in the ability to care for himself, and a less than marked limitation in health and well-being. The ALJ accordingly concluded that M.A.A. is "not disabled." (Dkt. #11 at 21-26).

## III. The ALJ's Duty to Complete the Record

Plaintiff first argues that the ALJ failed to complete the record, because she gave "limited" weight to the opinion of a state medical consultant and discounted testimony by M.A.A.'s mother, and did not order supplemental treating or consulting medical opinions to support her opinion. The Court disagrees.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77

3

F.3d 41, 47 (2d Cir. 1996). This includes the duty "to investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004). The responsibility of the ALJ to fully develop the record persists even where, as here, the plaintiff is represented by counsel. Nonetheless, an ALJ is not obligated to continue developing the record where the record is already sufficiently complete to make a determination. *See Janes v. Berryhill*, 710 Fed. Appx. 33, 34 (2d Cir. 2018); *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996).

      Here, the record before the ALJ included: a July 2016 evaluation by examining psychologist Kit Trapasso, which reported the results of objective intelligence and adaptive behavior testing (Dkt. #10 at 316-21); July 2016 and November 2016 speech and language evaluations by examining speech pathologist Paula Owen and examining occupational therapist Amy Volpe, with results of objective testing of language skills, fine motor skills and adaptive skills (Dkt. #10 at 360-63, 391-93); an August 2016 developmental assessment by special education teacher Amy Anne Scott addressing M.A.A.'s cognitive, communicative, physical, social, and behavioral abilities (Dkt. #10 at 354-59); October 2016 pre-kindergarten assessments by M.A.A.'s preschool teachers assessing his functioning in each of the relevant domains (Dkt. #10 at 176-83); February 2017 developmental progress reports and speech and language evaluations (Dkt. #10 at 397-401); M.A.A.'s kindergarten report card; a December 2018 assessment by M.A.A.'s first grade teacher (Dkt. #10 at 435-36); an expert medical opinion from reviewing state agency consultant Dr. C. Nohejl (Dkt. #10 at 72-76); and answers to interrogatories from reviewing medical expert Dr. William Silberberg (Dkt. #10 at 467-70). While the record contained a few scant references to, e.g., processing delays and fine motor delays sometimes described as

4

"significant," the bulk of the evidence of record described no more than "slight," "minimal," or "minor" problems in any of the functional domains.

In light of the breadth and scope of relevant evidence concerning M.A.A.'s functioning in each of the relevant domains, and the lack of any obvious gap in the record, the Court finds no error in the ALJ's decision not to request additional consulting examinations or supplemental opinion evidence. *See Obo v. Commissioner*, 2021 U.S. Dist. LEXIS 130534 at *14-*15 (W.D.N.Y. 2021)(where the record contains no obvious gaps and the ALJ had substantial evidence to support his findings, no further development of the record is necessary). *See generally Tatelman v. Colvin*, 296 F.Supp.3d 608, 612 (W.D.N.Y. 2017)("[t]he ALJ's duty to develop the record is not 'infinite,' and when . . . 'evidence in hand is consistent and sufficient to determine whether a claimant is disabled, further development of the record is unnecessary'")(citation omitted).

## IV.     The ALJ's Findings

Plaintiff argues that the ALJ's findings – that M.A.A. had "less than marked" limitations in five of the functional domains and no limitation in the sixth – were conclusory and unsupported by substantial evidence of record. Plaintiff does not identify compelling evidence of marked limitations that the ALJ overlooked or misinterpreted, but rather argues that the ALJ should not have credited the evidence of record which supported a mild or lesser level of limitation, and should have given greater credence to excerpts from the record, including plaintiff's testimony, that might have supported a finding of greater impairments.

The ALJ was entitled to "weigh all of the evidence available to make a . . . finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 Fed. App'x 53, 56 (2d Cir. 2013). "It is for the SSA, and not this court, to weigh the conflicting evidence in the record." *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

Here, the ALJ made detailed findings as to each of the relevant domains of functioning as well as with respect to plaintiff's credibility, and supported those findings with a thorough discussion of the evidence of record, including citations to M.A.A.'s educational records, the opinions of M.A.A.'s teachers, the opinions of speech pathologists, assessments by M.A.A.'s teachers, and the opinions and testimony of reviewing physicians. I find no error therein.

I have considered the rest of plaintiff's claims, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, I find that the ALJ fulfilled her duty to complete the record, that her decision is supported by substantial evidence and was not the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #14) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 20, 2021